```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

_____
                              )
LENDER L. "PAT" HUNTER,       )
                              )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No. 06-839 (RWR)
                              )
MICHAEL O. JOHANNS,           )
                              )
        Defendant.            )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Lender L. "Pat" Hunter brings this suit against defendant Michael Johanns, Secretary of the U.S. Department of Agriculture ("USDA"), alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.  The Secretary has moved to dismiss for lack of venue, or to transfer this action to the United States District Court for the District of Maryland.  Because venue is proper in the District of Columbia ("the District"), but convenience and justice favor transfer to Maryland, the motion to dismiss will be denied and the motion to transfer will be granted.

### BACKGROUND

Hunter was an executive officer of the USDA's Farm Service Agency ("FSA") in Columbia, Maryland and was responsible for overseeing administrative operations in that office.  As a result of alleged negligence in Hunter's performance, her direct supervisor, Elizabeth Anderson, sent a notice of proposed

-2-

disciplinary suspension to John W. Chott, Jr., assistant to the FSA's deputy administrator for field operations for his consideration. Chott reviewed Hunter's employment records from his office in USDA's headquarters in the District and decided to suspend her for thirty days. Thereafter, Hunter filed this lawsuit alleging that she was subjected to racial and sexual discrimination, retaliation, and a hostile work environment created by Anderson in the Maryland office.

The Secretary filed a motion under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue, or to transfer venue under 28 U.S.C. §§ 1404(a) or 1406(a). He argues that venue is improper here because the alleged unlawful employment practices occurred in and Hunter's employment records are located at the FSA office in Columbia, Maryland. In the alternative, he urges that the balance of considerations of convenience and justice favor transferring this case to Maryland. Hunter claims that venue is proper here under Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), because her suspension decision took place in USDA's principal office in the District, and that transfer is not warranted.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(3) allows a case to be dismissed for improper venue. See Fed. R. Civ. P. 12(b)(3). "[T]he plaintiff . . . bears the burden of establishing that

-3-

venue is proper." Varma v. Gutierrez, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (internal quotations omitted).  "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). To prevail on a motion to dismiss for improper venue, a defendant must present facts sufficient to defeat a plaintiff's assertion of venue.  Id.

Venue in employment discrimination suits brought under Title VII are governed by that statute, which states:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]

42 U.S.C. § 2000e-5(f)(3).  Title VII venue determinations "of the locus of disputed employment practices" should be "based on a 'commonsense appraisal' of events having operative significance in the case."  Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983) (quoting Lamont v. Haig, 590 F.2d 1124, 1134 (D.C. Cir. 1978)).  The relevant inquiry is "where the decisions and

actions concerning the employment practices occurred." Hayes v. RCA Serv. Co., 546 F. Supp. 661, 663 (D.D.C. 1982).

When venue is proper in more than one locale, and convenience and justice favor adjudication in a different venue, the case may be transferred pursuant to 28 U.S.C. § 1404(a).[1] "[T]he moving party bears the burden of establishing that transfer is proper." Schmidt v. Am. Inst. of Physics, 322 F. Supp. 2d 28, 31 (D.D.C. 2004). A district court should "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). In exercising its discretion, a district court must balance a number of case-specific factors including the private and public interests that promote convenience and fairness.[2] See Wilderness

---

[1] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

[2] The relevant private interests include (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. Schmidt, 322 F. Supp. 2d at 31-32. The relevant public interests include (1) the transferee court's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. Id. at 32.

-5-

Soc'y v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000). There is "a strong presumption against disturbing plaintiff['s] initial forum choice." Pain v. United Techs. Corp., 637 F.2d 775, 784 (D.C. Cir. 1980). The presumption is weakened, though, when the forum is not plaintiff's home forum and most of the relevant events occurred elsewhere. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); see also Nat'l R.R. Passenger Corp. v. R & R Visual, Inc., Civ. Action No. 05-822 (GK), 2007 WL 2071652, at *6 (D.D.C. July 19, 2007).

Chott's review of Hunter's employment records and approval of Anderson's proposed suspension both took place in the District. These actions, as decisions concerning Hunter's employment, support venue here. See Hayes, 546 F. Supp. at 663; see also White v. Ocean Duchess, Inc., Civ. Action No. 06-1423 (RCL), 2007 WL 1794100, at *3 (D.D.C. June 19, 2007) (finding Title VII venue in the place where the plaintiff's firing took place); Fellores v. Winter, No. 2:06cv551, 2007 WL 473727, at *3 (E.D. Va. Feb. 8, 2007) (explaining that Title VII venue is proper in the location where the decisions concerning plaintiff's promotions are processed). However, venue is also proper in Maryland because the events surrounding Hunter's claims of discrimination and hostile work environment occurred there and, although reviewed at the USDA's office in the District, Hunter's

employment records were maintained and administered in Maryland at the time she filed this action.[3]

While venue is proper in the District, the balance of private and public[4] interests favors transfer to Maryland. All of the operative events surrounding the discrimination and creation of the hostile work environment that Hunter alleges led to her unlawful suspension occurred at the FSA office in Maryland. Hunter herself resides in Maryland, which further diminishes any deference owed to her choice of forum and suggests convenience to her of a Maryland forum. The bulk of relevant witnesses identified by the parties are located in Maryland. While Hunter's official personnel folder may now be in Washington, D.C., Anderson's copies of all correspondence and performance appraisals that Anderson signed concerning Hunter are kept in Anderson's Maryland office. (Mem. P. & A. in Supp. of Def.'s Mot. to Dismiss, Decl. of Eliz. Anderson ¶ 6.) Therefore, this case will be transferred to Maryland.

## CONCLUSION AND ORDER

Because Title VII venue is proper in the District, but convenience and justice favor transfer to Maryland where

---

[3] Hunter has since been transferred to the District.

[4] The public factors here do not weigh in favor of either district. Both courts are presumed to share equal familiarity with Title VII law, and neither party has advanced any showings concerning relative calendar congestion or local interest in deciding this controversy.

-7-

plaintiff resides, the operative facts surrounding Hunter's employment discrimination and hostile work environment claims took place, and records and most witnesses are located, the Secretary's motion to transfer pursuant to § 1404(a) will be granted.  Accordingly, it is hereby

ORDERED that the Secretary's motion [11] to dismiss or transfer be, and hereby is, DENIED in part and GRANTED in part. The motion to dismiss is denied, and the motion to transfer venue to the District of Maryland is granted.

The Clerk of the Court is directed to transfer this case to the United States District Court for the District of Maryland.

SIGNED this 20th day of August, 2007.

```
                          _____/s/_____
                          RICHARD W. ROBERTS
                          United States District Judge
```